IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELVIN PURNELL, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 15-4530 |
| PENNSYLVANIA, ET AL. | : | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                         October   16, 2015

      Before the Court for Report and Recommendation is the *pro se* petition of Selvin Purnell ("Purnell" or "Petitioner") for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  He filed this petition while detained at the Philadelphia Industrial Correctional Center awaiting trial on state charges filed in the Philadelphia Court of Common Pleas in Case No. CP-51-CR-0013087-2014 for arson and related offenses allegedly committed on August 13, 2014. Although his petition does not identify the relief sought, he requests federal review of his status on the grounds that he had been detained for 11 months without being brought to trial, which he contended violated his rights under the 4th, 5th, 6th, and 14th Amendments and which allegedly had brought on mental health issues affecting his ability to assist in his own defense.  (Pet. at 3-4, 7.)  For the reasons set out below, we conclude that Purnell has not complied with his obligation to exhaust available state court remedies as to any cognizable federal habeas claim he asserts here and that he did not present extraordinary circumstances sufficient to allow this Court to intervene in the state pre-trial proceedings.  We also find that any request for the Court to order him to be brought to trial immediately or to be released pending trial has been mooted by his subsequent conviction.  We therefore recommend that the petition be dismissed.

1

## I.     FACTUAL AND PROCEDURAL OVERVIEW[1]

### A.     State court proceedings

Purnell was arrested on August 14, 2014 and charged with arson, causing a catastrophe, criminal mischief, possession of an instrument of crime, reckless endangerment, and harassment. Bail was set on that date at 10% of $200,000.  His date for a preliminary hearing was continued from August 28, 2014 to October 2, 2014 when the Commonwealth was not ready.  (MC Dkt. at 4.)  At that next listing, it was determined that Purnell's competency should be evaluated.  On November 4, 2014, the court determined him to be competent but in need of treatment.  It committed him to the prison system's forensic unit for 60 days, ruling that time excludable and noting on the docket that there was "no objection."  (*Id.* at 5.)  Following a preliminary hearing on November 20, 2014, the court held Purnell over for trial on these charges and reduced his bail to 10% of $100,000.  In March 2015, Purnell filed motions seeking modification of bail or nominal bail.  For reasons not apparent from the docket, however, bail was instead revoked on May 15, 2015 upon the Commonwealth's motion.  (*Id.* at 6.)

The court listed the matter for a further motions hearing for July 16, 2015 but had to continue that date when it was on trial in another matter.  (CP Dkt. at 5.)  Purnell waived his

---

[1] Our statement of the factual and procedural background of this petition is based upon the information provided in the § 2241 form petition dated July 17, 2015 and received and docketed on August 12, 2015 (Doc. No. 1); and the Municipal Court of Philadelphia criminal docket for Case No. MC-51-CR-0027552-2014 (the "MC Dkt.") and the Court of Common Please criminal docket for Case No. CP-51-CR-0013087-2014 (the "CP Dkt."), maintained by the Philadelphia Court of Common Pleas and available for public viewing through the Web Portal of Pennsylvania's Unified Judicial System, http://ujsportal.pacourts.us/ DocketSheets.aspx (last visited Oct. 2, 2015).  We did not seek the production of the original state court record from the Prothonotary of the Court of Common Pleas, given that the file would have been in active use there.  We determined that the information necessary for our proposed disposition was provided by Petitioner or is available by reference to the online docket sheets.

right to a jury trial, and a bench trial commenced on September 17, 2015. (*Id.* at 5-6.) After taking testimony that day, the court continued the trial until a date when the Commonwealth's expert witness, the Fire Marshal, was available. The trial resumed, and concluded, on September 30, 2015 with a verdict that Purnell was guilty of one of the lesser included arson charges --- reckless burning or exploding, 18 Pa. Cons. Stat. § 3301(d)(2), a felony of the third degree --- as well as criminal mischief and PIC. Purnell was found not guilty of the other offenses. (*Id.* at 3, 6.) The court revoked bail and scheduled sentencing for December 4, 2015. (*Id.* at 6.)

### B.     Federal court filings

On or about July 17, 2015, Purnell completed his petition for writ of habeas corpus, which was received and docketed by the Clerk of Court on August 12, 2015. *See* Doc. No. 1 at 8 (indicating date Petitioner asserts he handed petition to prison officials for mailing). At the time he filed his petition, Purnell's motions hearing date in Common Pleas Court had just been postponed from July 16, 2015 to September 17, 2015 and his trial was expected to begin on September 28, 2015.[2] As alluded to above, his petition in this Court does not identify the relief sought. *See* Pet. at 7, ¶ 8 (no response in portion of form for prayer for relief). It is clear, however, that it concerns his pre-trial detention, *see id.* at 2, in Case No. CP-51-CR-0013087-2014, *see id.* at 1.

The matter was referred to us for preparation of a Report and Recommendation on August 28, 2015. Upon review of the petition and the publicly-available state court dockets, we have determined that neither a review of the complete record maintained by the Court of

---

[2]  As indicated above, after Purnell agreed to a bench trial, his trial ultimately commenced on September *17*, 2015.

3

Common Pleas nor an answer to the petition by the Philadelphia District Attorney's Office is necessary for us to conclude that the petition seeks relief on claims where Petitioner failed to exhaust his available state court remedies and where his subsequent conviction has mooted any claim seeking the prompt commencement of trial. We therefore recommend that the petition be dismissed.

## II.   DISCUSSION

In the form petition, Purnell contends that he is incarcerated unlawfully on the following grounds:

> Ground One:  The Petitioner is in a state of non-judicial limbo because he has not been to trial within the time allotted under state law.  The Petitioner's right to a speedy trial has been violated by the delay, which is (11) months.
>
> Supporting facts:  The Petitioner has been in pre-trial detention for (11) months without a trial, and the conditions herein have resulted in a violation of my rights under the 4th, 5th, 6th and 14th Amendments to the United States Constitution.
>
> …
>
> Ground Two: The (11) months of pre-trial incarceration has resulted in a violation of my right to due process because it has stripped me of the presumption of innocence.
>
> Supporting facts:  This period of incarceration has resulted in mental health issues, and [sic] destructive to my human character, thus making it difficult to assist in my own defense or make positive decisions.

(Pet. at 3, 4.)  We construe his assertions to seek an order for the prompt commencement of his state trial or alternatively that pending state proceedings be enjoined or dismissed because of prejudicial harm already suffered due to delay and/or his pre-trial incarceration.

A.     **Summary review**

We have determined that an answer to the petition is not required before the Court may proceed in this case in light of the text of the statute as well as the rules associated with habeas petitions filed by state prisoners.  With respect to habeas petitions generally, the statute ordinarily requires the reviewing court to order a response from a named respondent upon receipt of a habeas application.  This process does not apply, however, where it is apparent that the petitioner cannot obtain habeas relief.  *See* 28 U.S.C. § 2243 (describing requirement for answer by respondents "unless it appears from the application that the applicant or person detained is not entitled" to habeas relief).

Similarly, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court, upon receipt of a habeas petition, must promptly examine it, and, "[i]f [upon examination] it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 further states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed . . . ."  The plain language of the rule thus makes clear that where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition *must* be dismissed without ordering the respondent to answer.  The Advisory Committee Notes to the rule confirm this interpretation, recognizing that "under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note to Rule 4 Governing Section 2254 Cases.

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening, whether the petition was filed pursuant to Section

5

2254 or 2241. *See, e.g., Alexander v. Corbin*, Civ. A. No. 11-2727, 2011 WL 5340568 (E.D. Pa. Sept. 28, 2011), *report and recommendation adopted*, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011) (dismissing petition without requiring response where all claims untimely); *Shaw v. Wynder*, Civ. A. No. 08-1863, 2008 WL 3887642 (E.D. Pa. Aug. 20, 2008) (dismissing petition without requiring response where claim frivolous); *Craig v. Rozum*, Civ. A. No. 07-5490, 2008 WL 920346 (E.D. Pa. Apr. 2, 2008) (same); *Watson v. Wynder*, Civ. A. No. 07-4066 (E.D. Pa. Nov. 27, 2007) (same); *Porte-Yanes v. Lore*, No. 4:CV-07-1525, 2007 U.S. Dist. LEXIS 72130 (M.D. Pa. Sept. 27, 2007) (applying Rule 4 to § 2241 petition). *See also Allen v. Perini*, 424 F.2d 134, 140-41 (6th Cir. 1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return.").

    **B.**    **Exhaustion**

The section under which Purnell seeks relief, 28 U.S.C. § 2241, provides in relevant part:

> § 2241. Power to grant writ
>
> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .
>
> …
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> …
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

28 U.S.C. § 2241.  Our Court of Appeals has long held that Section 2241 confers upon federal courts "pre-trial" habeas corpus jurisdiction over state prisoners.  *See Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975).[3]  With respect to the Sixth Amendment's guarantee of a speedy trial, our Court of Appeals further noted in *Wells v. Petsock*, 941 F.2d 253 (3d Cir. 1991), that "Pennsylvania's 180-day rule does not define the contours of the federal constitutional right to a speedy trial."  *Wells*, 941 F.2d at 256.  Moreover, the *Wells* court has observed when defining that Sixth Amendment right in *Barker v. Wingo*, 407 U.S. 514 (1972), "the United States Supreme Court eschewed the rigid limitations contained in state statutes and adopted a more fluid balancing test" comprised of four factors pertinent to the determination of whether a trial delay infringes the Sixth Amendment right: the length of the delay, the validity of the reasons for the delay, whether the defendant affirmatively asserted his right, and whether the defendant was prejudiced by the delay.  *Wells*, 941 F.2d at 256 (quoting *Barker*, 407 U.S. at 530-32).

While § 2241 does not contain a textual requirement for exhaustion of available remedies prior to federal court review as is found in § 2254 (relating to post-conviction review), "an exhaustion requirement has developed through decisional law, applying principles of federalism."  *Moore*, 515 F.2d at 442.  Accordingly, if the petitioner has not sought to avail himself of state court remedies, the federal court must not exercise jurisdiction at the pre-trial

---

[3] This jurisdiction, of course, extends only to remedy violations of the prisoner's federal rights.  Claims that a prisoner's rights under a state constitution, statute, or rule of procedure cannot provide a basis for § 2241 relief.  *See, e.g., Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991) (observing that "[f]ederal court review of a habeas corpus petition is limited, however, to remedying deprivations of a petitioner's federal constitutional rights" and that "[w]e can take no cognizance of a non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee").  Therefore, to the extent that Purnell refers to "time allotted under state law," (Pet. at 3, ¶ 7(a)), those allegations do not give rise to a cognizable claim under 28 U.S.C. § 2241.

stage absent "extraordinary circumstances." *See Moore*, 515 F.2d at 443.

Purnell answered in the negative on the "exhaustion" question on the § 2241 petition form as to both Grounds One and Two. *See* Pet. at 4, ¶¶ 7(a)[1], 7(b)[1] ("Have you presented Ground [One/Two] to a state or federal court or, [sic] to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?"). Our review of the Municipal Court and Common Pleas Court dockets similarly show no filing made by Purnell challenging his detention on 4th, 5th, 6th, or 14th Amendment grounds as asserted here. A review of the online docket system also shows no matter presented to the Superior Court raising any such issue by anyone with Purnell's name. The only indication in the dockets that Purnell challenged in anyway his continued detention pre-trial were motions filed in March 2015 seeking a modification of bail or a reduction to nominal bail. *See* CP Dkt. at 5. At a motions hearing on May 15, 2015, however, the court granted a motion by the Commonwealth to revoke bail and the defense "conceded" a motion it had made under Rule 600(B), which concerns caps on the length of pre-trial detention "except in cases in which the defendant is not entitled to release on bail as provided by law[.]" Pa. R. Crim. Proc. 600(B). *See* CP Dkt. at 6 ("Defense 600B Motion is Conceeded [sic] / Commonwealth Motion to Revoke is GRANTED / Bail is REVOKED").

We do not have before us a copy of any written motion filed by Purnell in the Court of Common Pleas challenging his continued pre-trial detention. Thus, we do not know whether his March 2015 motion attempted to present to the Court of Common Pleas a claim that any of his federal constitutional rights, to a speedy trial or otherwise, had been violated. He himself specifically refers to what "state law" provides as to the time period within which he should be brought to trial. (Pet. at 3, ¶ 7(a) (describing Ground One with reference to his having "not been to trial within the time allotted under state law"). Thus, while Purnell may have presented to the

state trial court an argument that his rights under *state law* were violated, he has not demonstrated that he gave the state court an opportunity to consider any potentially cognizable claims that he has presented in his § 2241 petition: that the Sixth Amendment required he be brought to trial immediately or that his continued pre-trial detention and/or the delay in receiving a trial violated his Constitutional rights. *See, e.g., Peterson v. Brennan*, Civ. A. No. 97-2477, 1995 WL 470139, *4 (E.D. Pa. Aug. 11, 1997) (finding Sixth Amendment speedy trial right unexhausted and subject to dismissal where petitioner presented state court with Rule 1100 (now 600) claim but not Sixth Amendment speedy trial claim). Moreover, he has not demonstrated that he sought to present any federal speedy trial claims to Pennsylvania's appellate courts: he does not allude to any appeals in his petition, and a docket search under his name reveals no appellate activity in either the Pennsylvania Superior or Supreme Courts. *See also Miles v. Commonwealth*, Civ. No. 10-2047, 2010 WL 4860785, *3 (E.D. Pa. Nov. 29, 2010) (finding Sixth Amendment speedy trial claim unexhausted where petitioner acknowledged he did not present claim to Superior Court).

Pursuant to our circuit's precedent in *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975), Purnell cannot obtain pre-trial review of unexhausted federal claims absent a showing of "extraordinary circumstances." *Moore*, 515 F.2d at 443. He has not alleged any such circumstances. We recognize that he offers the conclusory statement that his protracted pre-trial detention has negatively affected his mental health and "human character," perhaps particularly given the legal presumption of his innocence, which he claims has impeded his ability to make good decisions and to assist in his defense. (Pet. at 4.) He has not asserted that there are such other circumstances, however, that would justify this Court doing something other than "stay[ing] its hand" as the Supreme Court has instructed as a general course. *See Fay v. Noia*,

372 U.S. 391, 418 (1963).  We therefore view Purnell's petition as subject to dismissal without prejudice on exhaustion grounds to the extent he claims he has been prejudiced by the delay in commencement of his trial and while detained.

### C. Mootness

The fact of Purnell's recent conviction presents a question concerning the mootness of his present petition to the extent that it seeks any commencement of trial or release pre-trial.  As other courts within our circuit have recognized, where a habeas petitioner did not challenge his conviction or sentence but only a period of pre-trial incarceration that ceased upon his conviction, he does not retain standing to challenge that pretrial incarceration unless he can demonstrate continuing collateral consequences sufficient to meet Article III's "case or controversy" or "injury" requirement.  *See, e.g., Padilla v. Brewington-Carr*, No. Civ. A. 98-661-GMS, 2002 WL 100572, *2 (D. Del. Jan. 22, 2002) (discussing *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001) and *Spencer v. Kemna*, 523 U.S. 1, 7-8, 14 (1998)); *Slutzker v. Wilson*, C.A. No. 06-313, 2007 WL 1007523 (W.D. Pa. Mar. 29, 2007) (dismissing as moot, where petitioner was convicted after filing § 2241 petition that had sought pretrial bail and release pending re-trial); *Berete v. Patton*, Civ. A. No. 11-CV-6594, 2012 WL 1277344 (E.D. Pa. Mar. 20, 2012) (recommending dismissal as moot where petition filed by prisoner who was subsequently tried and convicted), *approved and adopted*, 2012 WL 1252640 (E.D. Pa. Apr. 12, 2012); *Crespo v. Commonwealth of Pennsylvania*, Civ. A. No. 14-6039, 2015 U.S. Dist. LEXIS 133014 (E.D. Pa. July 31, 2015) (same), *approved and adopted*, 2015 U.S. Dist. LEXIS 130856 (E.D. Pa. Sept. 29, 2015) (dismissing with prejudice, as moot, petition to commence trial; dismissing without prejudice, as unexhausted, claim that charges should have been dismissed or

that conviction should be vacated due to speedy trial violation).

Purnell has been convicted and is subject to imposition of a term of imprisonment. This development renders moot any request that he be removed from his "state of non-judicial limbo because he has not been to trial[.]" (Pet. at 3.) The mootness of his request thus provides an additional basis for the dismissal of his petition.

### III.    CONCLUSION

Petitioner appears to have filed this federal petition on July 17, 2015 out of frustration with his conditions of pretrial confinement and given the circumstance that after already enduring pretrial confinement for more than eight months, a motions hearing date was continued for another two months because the trial court was "busy on [a] jury trial." *See* CP Dkt. at 5 (entry of July 16, 2015 continuing case until Sept. 17, 2015). Purnell also apparently sought the dismissal of his charges in the state court on the grounds that he was not receiving what he believed to be the protections afforded to him under the Pennsylvania Rules of Criminal Procedure as to speedy trials and limitations on pre-trial incarceration. He failed to demonstrate, however, that he sought any relief in the state courts to vindicate his *federal* speedy trial rights, or any other federal right, and he did not seek relief in any higher state court. Notions of federalism and comity dictate that this Court should not interject itself into the dispute between Purnell and his state custodian at this juncture. Moreover, Purnell's subsequent conviction in the case for which he was being detained renders moot any implicit request presented by his petition for pre-trial release or an immediate trial. We thus conclude that Purnell's § 2241 petition should be dismissed in its entirety although without prejudice to the filing of any § 2254 petition concerning this state court judgment when it becomes final and following exhaustion of state

court remedies.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district court judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. A COA should not issue unless the petitioner demonstrates that jurists of reason would find it to be debatable whether the petition states a valid claim for the denial of a constitutional right. As to claims that are dismissed on procedural grounds, the petitioner bears the additional burden of showing that jurors of reason would also debate the correctness of the procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, for the reasons set forth above, we do not believe a reasonable jurist would find the Court to have erred in dismissing the present petition or that reasonable jurists would debate our conclusions that the claims raised in the petition that would have been cognizable on federal habeas review were not exhausted and that the petition is moot in part given Petitioner's conviction. Accordingly, we do not believe a COA should issue. Our Recommendation follows.

# R E C O M M E N D A T I O N

AND NOW, this 16th day of October, 2015, it is respectfully RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE to Petitioner's right to re-file any 4th, 5th, 6th, or 14th Amendment claim for which Petitioner exhausts available state court remedies. It is FURTHER RECOMMENDED that a certificate of appealability should NOT ISSUE, as we do not believe that Petitioner has demonstrated that reasonable jurists would find the correctness of the procedural aspects of this Recommendation debatable.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE